## Frank N. Coble *v.* Joseph S. Zook, Appellant.

*Practice, C. P.—Effect of failure to demur.*

If a statement is defective defendant should demur; having joined issue and gone to trial he is bound by the evidence as shown in the testimony at the trial, especially when the same is received without objection on his part; it is then too late to set up want of consideration in the agreement sued upon.

*Question for jury—Credibility of witnesses.*

There being evidence, though conflicting, sufficient to sustain a verdict either way on the issue raised according as credibility is accorded to the testimony of one side or the other, the question is properly for the jury.

Argued Nov. 10, 1897. Appeal No. 26, Oct. T., 1897, by defendant, from judgment of C. P. Lancaster Co., April T., 1896, No. 110, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Appeal from judgment of justice. Before LIVINGSTON, P. J.

It appears from the record that this is an action to recover the sum of $250 with interest alleged to be due and owing to plaintiff from defendant under and by virtue of a verbal agreement.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $266.25. Defendant appealed.

*Errors assigned* were (1) In refusing defendant's second point: " 2. No consideration to the defendant for his alleged agreement with plaintiff is set forth in the statement, and the verdict must be in favor of the defendant." (2) In affirming plaintiff's point which point is as follows: " The plaintiff having submitted testimony in the above case which is uncontradicted, the court is respectfully asked to charge the jury that the verdict must be in favor of the plaintiff and against the defendant for the sum of $250, with interest from January 1, 1896." (3) In not leaving the credibility of the witnesses to the jury.

*J. Hay Brown* and *A. J. Eberly*, with them *W. U. Hensel*, for appellant.—Under a current of decisions, the sufficiency of the

testimony and the credibility of the witnesses are always to be left to the jury. It is their peculiar province to pass upon the same; and absolute binding instructions, without leaving the credibility of the witnesses to the jury, is error: Fullam v. Rose, 160 Pa. 47.

The credibility of a witness—though contradicted—is always for the jury: Grambs v. Lynch, 20 W. N. C. 376; Heister v. Lynch, 1 Yeates, 108; Waters v. Burgess, 14 Atlan. 398.

*E. M. Gilbert*, for appellee.—On the question of consideration cited McClymonds v. Stewart, 2 Pa. Superior Ct. 310; Dutton's Estate, 181 Pa. 426; Greeves v. McAllister, 2 Binn. 591.

It is true that the plaintiff did offer in evidence defendant's affidavit of defense for the purpose of showing everything therein that defendant admitted, and so stated the purpose of the offer: Bowen v. DeLattre, 6 Wharton, 430.

Where, upon the whole case, a trial judge conceives it to be his duty to give the jury binding instructions the answers to points become mere dissertations of law. The correctness of the direction to the jury to find in one way or another depends on the facts admitted or established, and if the conclusion is right on the facts, no error is committed. The same principle has been held in Maynard v. Lumberman, 20 W. N. C. 272; Cougle v. McKee, 151 Pa. 602; Holland v. Kindregan, 155 Pa. 156.

OPINION BY BEAVER, J., February 19, 1898:

If the statement was demurrable, defendant should have demurred to it: Newbold v. Pennock, 154 Pa. 591. Having filed his affidavit of defense, joined issue and gone to trial, he is bound by the evidence of consideration for the agreement, as shown in the testimony at the trial, the same having been received, without objection on his part. The first assignment of error is, therefore, overruled.

The second and third assignments relate to the same question. The record shows that the plaintiff offered in evidence the statement and the affidavit of defense. The object of the offer is not stated; but, having offered them, he is, of course, bound by the issue which they raised. The affidavit of defense

contains a distinct denial of the plaintiff's claim and sets forth that "he (defendant) never made any agreement to pay plaintiff two hundred and fifty dollars, as is alleged and set forth in the statement filed, but it is true that he did agree that, in the event of his being able to resell the premises referred to in the statement as having been purchased by him at sheriff's sale and upon his being able to reimburse himself for all moneys that he had therein, he would then, upon the resale of the said premises by him, at a price sufficient to reimburse himself for all moneys that he had therein and to enable him to pay the said sum of two hundred and fifty dollars as aforesaid, pay to the plaintiff the said sum of two hundred and fifty dollars, and this agreement on his part is the only one he ever entered into with plaintiff to pay him two hundred and fifty dollars; that he is still the owner of said premises, never having been able to sell them; that, whenever he is able to sell them and reimburse himself as aforesaid for all moneys that he has therein invested, he will be ready and willing to pay plaintiff the sum of two hundred and fifty dollars." In the absence of any evidence of the sale of the premises and of the reimbursement to the defendant of the money which he had invested therein, this affidavit raised a question of fact concerning which it was the province of the jury to pass. If they had believed its contents, the plaintiff was not entitled to recover. The credibility of the witnesses of the plaintiff and of the defendant, the latter becoming a witness by the introduction of his affidavit of defense by the plaintiff, was for the jury and should have been submitted for their consideration by the court. There was, therefore, error in affirming the plaintiff's point, and directing the jury to find for the plaintiff.

The second and third assignments of error are sustained, and the judgment is reversed and a new venire awarded.